UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY MAESTAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMANTHA SOLORIO,<br><br>　　　　　Defendant. | Case No.   1:23-cv-01197-EPG<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>(ECF No. 2)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Randy Maestas is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1). On August 11, 2023, Plaintiff file an application to proceed *in forma pauperis* in this action. (ECF No. 2).

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

**I.　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

Plaintiff's *in forma pauperis* application is governed by 28 U.S.C. § 1915. Pertinent here is the so called "three strikes provision."

1

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

## II.    ANALYSIS

### A.    Strikes

Plaintiff filed this action on August 11, 2023. (ECF No. 1). Upon review of Plaintiff's prior cases, the Court concludes that, prior to Plaintiff filing the instant action, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of the following three cases, each of which counts as a "strike": The first case, *Maestas v. Sacramento County Jail*, 2:21-cv-00665-TLN-JDP (filed April 14, 2021), was dismissed on September 22, 2022, after Plaintiff failed to provide sufficient factual allegations to state a claim to relief that was plausible on its face despite being advised of the deficiency and filing an amended complaint failing to cure the defect. (ECF Nos. 23, 25, 26); *see Knapp*, 738 F.3d at 1108-09 ("We hold that repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time.").

The second case, *Maestas v. C.S.A.T.F. Mail Room*, 1:23-cv-00569-JLT-EPG (filed April 11, 2023), was dismissed on June 21, 2023, after Plaintiff failed to provide sufficient factual allegations to state a claim to relief that was plausible on its face despite being advised of the deficiency and filing an amended complaint failing to cure the defect. (ECF Nos. 6, 10, 12).

The third case, Maestas v. Phillips, 1:23-cv-00467-JLT-BAM (filed March 28, 2023), was dismissed on April 24, 2023, as duplicative of two other cases that Plaintiff had pending. (ECF Nos. 7, 10). Notably, the district judge noted Plaintiff's assertion that his "paperwork" may have been mistakenly filed twice, but observed that Plaintiff "state[d] that he has copied his allegations into the proposed first amended complaint in this action," thus indicating that he intended to raise the same allegations again. (ECF No. 10, p. 2); *See Lamon v. Pfeiffer*, No. 1:20-CV-00896-AWI-SAB (PC), 2021 WL 3602144, at *4 (E.D. Cal. Aug. 13, 2021), *report and recommendation adopted*, 2021 WL 4442615 (E.D. Cal. Sept. 28, 2021) (concluding that duplicative suit counted as a strike); *Lull v. Cnty. of Sacramento*, No. 2:20-CV-1645-KJM-CKD, 2021 WL 5054392, at *5 (E.D. Cal. Nov. 1, 2021) ("Lawsuits barred by claim preclusion are frivolous if a reasonable and competent inquiry would have led to this conclusion.").

### B.    Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to

unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

Plaintiff's complaint alleges that a married correctional officer is flirting with him. While he accuses her of sexual harassment, the majority of the allegations are simply composed of name-calling, which are not relevant here and thus will not be repeated. Plaintiff also summarily asserts that his "personal safety" is a stake, apparently because Defendant is mad that he does not "pay attention to her." Additionally, Plaintiff's complaint is filled with unintelligible statements, such as references to President Joseph Biden and Governor Gavin Newsom. Nothing in Plaintiff's complaint alleges "imminent danger of serious physical injury" as that phrase is used in § 1915(g).

Accordingly, because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $402.00 filing fee in full if he wants to proceed with the action.

## III.    CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court concludes that, under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

And IT IS RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis* in this action (ECF No. 2) be denied; and
2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 15, 2023**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE